**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERRY WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-26-63-SLP |
| | ) |
| RUSH TRUCK CENTERS OF | ) |
| OKLAHOMA, INC. d/b/a RUSH | ) |
| TRUCK CENTER, OKLAHOMA CITY | ) |
| | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff Jerry Webb's Motion to Remand and Brief in Support [Doc. No. 10]. The Motion is at issue. *See* Def.'s Resp. [Doc. No. 11]. Plaintiff did not file a Reply. For the reasons that follow, Plaintiff's Motion is DENIED.

I.    **Introduction**

Plaintiff initiated this negligence action in the District Court of Oklahoma County, State of Oklahoma. Defendant removed the action to this Court based on diversity of citizenship jurisdiction. The remand dispute centers on where Defendant's principal place of business is located for purposes of establishing its citizenship and thus whether removal is proper.

## II.   <u>Governing Standard</u>

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving such jurisdiction exists. *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 946–47 (10th Cir. 2014).  A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a).  The removing party must establish by a preponderance of the evidence that the court's exercise of diversity jurisdiction is proper.  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1108 (D.N.M. 2017).

Original jurisdiction based on diversity exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000 (exclusive of interest and costs).  *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton*, 749 F.3d at 1200.  A corporation is deemed a citizen of both its place of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 1185, 175 L. Ed. 2d 1029 (2010).  A corporation's principal place of business is its "nerve center," or the place where "a corporation's officers direct, control, and coordinate the corporation's activities."  *Id.* at 1192.  A subsidiary corporation "has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation.  *Khan v. Bank of New York Mellon*, 525 F. App'x 778, 780 (10th Cir. 2013).

III.    **Analysis**

In his Motion to Remand, Plaintiff argues that because Defendant Rush Truck Centers of Oklahoma, Inc. is a subsidiary of Rush Enterprises, Inc., it has its own principal place of business for purposes of diversity jurisdiction. [Doc. No. 10] at 2. Plaintiff further argues that the Defendant failed to establish diversity jurisdiction on the face of its Notice of Removal, specifically failing to establish its principal place of business as a separate subsidiary, and therefore remand is required. [Doc. No. 10] at 5. In its Response, Defendant argues that a short and plain statement containing the grounds of removal is all that is required in a Notice of Removal. Defendant further argues that they must only support their allegations with proof when challenged on allegations of jurisdictional facts. *See Hertz*, 559 U.S. at 96.

Defendant is correct. "A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81, 135 S. Ct. 547, 549, 190 L. Ed. 2d 495 (2014). And only when "challenged on allegations of jurisdictional facts" must the defendant support their allegations with proof. *See Hertz*, 559 U.S. at 96. Plaintiff's reliance on *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) is not only incorrect, but also troubling, as *Laughlin* was overruled nearly twelve (12) years ago.

In its Response, Defendant plainly establishes that its principal place of business is located in New Braunfels, Texas, and its place of incorporation is Delaware. In his

Declaration, Michael Goldstone, Senior Vice President and General Counsel for Rush Enterprises, Inc., states that Defendant's headquarters is in New Braunfels, Texas and its officers maintain offices in New Braunfels, Texas. [Doc. No. 11-1] ¶¶ 2-5. "[U]nder the nerve center test, a statement in an affidavit, assuming the affiant has personal knowledge, that a corporation has its corporate headquarters in a given State is sufficient, absent contrary evidence, to show by a preponderance of the evidence that the corporation's principal place of business is located in that State." *Davis v. Overland Contracting, Inc.*, No. 19-2531-DDC-KGG, 2020 WL 1974259, *4 (D. Kan. Apr. 24, 2020); *see also Bernhard v. Meow Wolf, Inc.*, No. 1:21-CV-0509 RB-SCY, 2022 WL 123853, *3 (D.N.M. Jan. 12, 2022). The fact that the Defendant is a subsidiary of Rush Enterprises, Inc. is immaterial in this case, as Michael Goldstone's declaration establishes that Defendant's principal place of business is located in New Braunfels, Texas. Because Plaintiff is a citizen of Oklahoma and Defendant has established that it is a citizen of both Texas and Delaware, the parties are completely diverse, and therefore diversity jurisdiction is satisfied.[1]

The Court further finds Plaintiff has not shown jurisdictional discovery is warranted. He has failed to show either a "legal entitlement" to such discovery or prejudice from a denial of discovery. *See Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010).

---

[1] The parties do not dispute the amount in controversy aspect of diversity jurisdiction, and therefore the Court will not address it.

IT IS THEREFORE ORDERED that Plaintiff Jerry Webb's Motion to Remand and Brief in Support [Doc. No. 10] is DENIED.

IT IS SO ORDERED this 12th day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE